the original claim and the amount involved was greater. That amendment was allowed. I give weight to the consideration that unemployment insurance taxes as levied under Section 570 of the New York Unemployment Insurance Law, Article 18 of the Labor Law, Consol.Laws, c. 31, are continuing in nature and are not geared to specific periods. The liability is continuous; the quarterly reporting and payment are the product of administrative direction and convenience.

The petition to review is granted. The order of the referee is reversed.

## In re A. B. C. WELDING WORKS, Inc.

District Court, S. D. New York.
Sept. 24, 1946.

## BOWLES, Price Administrator, v. DASHER.
### Civil Action No. 348.

District Court, D. Georgia,
Savannah Division.
Sept. 12, 1946.

S. F. Memory, Jr., of Savannah, Ga., for plaintiff.

Benjamin Silverman, of Savannah, Ga., for defendant.

LOVETT, District Judge.

This is an action for treble damages and an injunction brought by the Administrator of the Office of Price Administration pursuant to the provisions of Sections 2, 4, 205 (a), 205(c) and 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, §§ 902, 904, 925(a), 925(c) and 925(e), and Rent Regulations promulgated under authority therein conferred.

### Findings of Fact.

1. At all times material hereto defendant has been and now is the lessee of certain premises known as a 4-room apartment house on the first floor at 408 West Park Avenue, in Savannah, Georgia

2. On February 8, 1945, defendant filed a registration statement for the sub-rental of said premises with the Office of Price Administration showing the rent as established by defendant to be $12.75 per week and that the apartment had been rented at that rate since January 1, 1945.

3. On March 24, 1945, defendant filed a subsequent registration inconsistent with the earlier statement showing the rent as established by him to be $12 per week and that the apartment had been rented at such rate since September 20, 1944.

4. I find that actually defendant collected $12 per week rent from September 20, 1944, to December 8, 1944, and $12.75 per week from December 12, 1944, to March 20, 1945.

5. On March 28, 1945, the Area Rent Director issued an order retroactive to September 20, 1944, decreasing the maximum rent from $12 to $8.50 per week, and a refund was ordered of all rent collected in excess of the maximum rent.

6. Defendant's failure to make said refund, amounting to $97.07, constitutes a violation of the order of the Area Rent Director.

7. Said violation was neither wilful nor the result of failure to take practicable precautions against the concurrence of the violation, but was due to the defendant's ig-norance and financial inability to make the refund as ordered.

### Conclusions of Law.

1. Jurisdiction is conferred on this court by Section 205(c) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925 (c).

2. Defendant is liable for the amount of the overcharge, but not for treble that amount.

3. An injunction will be granted as prayed.